**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 10-01105-CJC(SHx)                               Date: November 12, 2010

Title: <u>HSBC BANK USA v. ELHAM HOOSHIARNEJAD</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

<u>Michelle Urie</u>                                                        <u>   N/A   </u>
Deputy Clerk                                                        Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                        None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND, DENYING PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES AND COSTS, AND REMANDING CASE TO STATE COURT** [filed 09/28/10]

     Having read and considered the papers presented by the Plaintiff, the Court finds this matter appropriate for disposition without a hearing. *See* FED. R. CIV. P. 78; LOCAL RULE 7-15. Accordingly, the hearing set for November 15, 2010 at 1:30 p.m. is hereby vacated and off calendar.

     Plaintiff HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, mortgage asset-backed pass-through certificates, series 2008-AR1 ("Plaintiff") filed suit in California state court on November 19, 2009 alleging the state law claim of unlawful detainer and seeking less than $10,000 in damages. (Notice of Removal, Ex. A.) Defendant Elham Hooshiarnejad ("Defendant") removed this action from state court on July 21, 2010 alleging federal question jurisdiction. (Notice of Removal ¶ 8.) Before the Court is Plaintiff's motion to remand.

     As a preliminary matter, Local Rule 7-12 of the Central District of California addresses a party's failure to file required papers. It states:

> The Court may decline to consider any memorandum or other
> paper not filed within the deadline set by order or local rule.

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SACV 10-01105-CJC(SHx)            Date: November 12, 2010

Page 2

> The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion.

Local Rule 7-12. Here, Defendant has failed to file an opposition to Plaintiff's motion to remand. The Court could grant Plaintiff's motion on this ground alone.

A motion to remand made "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Plaintiff's motion to remand, filed on September 28, 2010, is untimely to challenge any defect other than lack of subject matter jurisdiction. Accordingly, the Court considers only Plaintiff's jurisdictional challenge.

In a case removed from state court, a district court must remand the case to state court if it appears at any time before final judgment that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). A federal court has subject matter jurisdiction over a case that either raises a question under federal law or is between diverse parties and involves an amount in controversy of over $75,000. 28 U.S.C. §§ 1331, 1332.

Defendant's Notice of Removal does not allege or demonstrate that the Court has diversity jurisdiction. Thus, remand is required unless the Court has federal question jurisdiction. 28 U.S.C. § 1447(c). Defendant's two asserted bases for federal question jurisdiction fail. First, Defendant attempts to invoke federal question jurisdiction pursuant to 12 U.S.C. § 1819(b)(2)(A) by alleging that the Federal Deposit Insurance Commission ("FDIC") is an indispensable, real party in interest and that Defendant intends to file a cross-complaint joining the FDIC. (Notice of Removal ¶¶ 5–9.) This claim fails because the FDIC is not a party to this action, and the authority Defendant relies upon to support this argument for jurisdiction is no longer good law. *In re Hwang*, --- B.R. ---, No. CV 08–7871 PSG, 2010 WL 3422718, (C.D. Cal. July 21, 2010) (reversing *In re Hwang*, 396 B.R. 757 (Bankr. C.D. Cal. 2008)). Second, Defendant's Notice of Removal alleges that Plaintiff's unlawful detainer action will result in violations of Defendant's federal constitutional rights and that Defendant's future cross-complaint will allege violations of federal statutes including TILA and RESPA. (Notice of Removal ¶¶ 9–11, 14.) Even if Defendant had filed such a cross-complaint, a defendant's claims or defenses do not satisfy the well-pleaded complaint rule or provide a

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 10-01105-CJC(SHx)                      Date: November 12, 2010
                                                                                                           Page 3

basis for removal. *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 821–22 (9th Cir. 1985); *see also Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987).

      Plaintiff has also requested an award of attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c), which permits an order of remand to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Here, the Court does not find that it is necessary to award costs and attorneys' fees. It does not appear that Defendant acted in bad faith in removing this suit. The Court considers that Defendant was likely under significant stress facing the loss of Defendant's home. Additionally, although Plaintiff seeks $2,100.00 in attorneys' fees, $1,400 of that amount was based on counsel anticipating having to spend eight hours to prepare a reply brief and attend a hearing on the motion. (Walker Decl. ¶ 3.) Plaintiff's counsel did not have to prepare a reply brief because Defendant failed to file an opposition, and the Court has decided this motion without need for a hearing. Accordingly, Plaintiff's request for attorneys' fees and costs is DENIED.

      The Court hereby GRANTS Plaintiff's motion for remand, DENIES Plaintiff's request for attorneys' fees and costs, and REMANDS this suit to state court because the Court lacks subject matter jurisdiction.

tlh

MINUTES FORM 11
CIVIL-GEN                                                                                                    Initials of Deputy Clerk MU